LACHENMAIER et al. v. HANSON.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1912.)

No. 3,664.

**1.** BILLS AND NOTES (§§ 492, 537\*)—ACTIONS—DELIVERY—BURDEN OF PROOF —QUESTION FOR JURY.

In an action on a promissory note, which is produced and introduced in evidence by plaintiff, the burden of proof to sustain the defense that it was never delivered is cast on defendant, and where the evidence is conflicting the question is one for the jury.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1649–1651, 1862–1894; Dec. Dig. §§ 492, 537.\*]

**2.** BILLS AND NOTES (§ 63\*)—DELIVERY.

An indorsement on a note that it was given in connection with a contract for a deed to certain land does not make the note a part of another written instrument, delivery of which must be proved to sustain an action on the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 95–103; Dec. Dig. § 63.\*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Action at law by William A. Hanson against Lot Lachenmaier and Adam Nagel, Jr. Judgment for plaintiff, and defendants bring error. Affirmed.

Charles E. Wolfe (Wolfe & Schneller and G. M. Gannon, on the brief), for plaintiffs in error.

W. S. Lauder (Wishek & Shubeck, on the brief), for defendant in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

CARLAND, Circuit Judge. Hanson, hereinafter called the plaintiff, sued Lachenmaier and Nagel, hereinafter called the defendants, upon a promissory note dated October 19, 1908. It was alleged in the complaint that the defendants executed and delivered the note to plaintiff, thereby jointly and severally promising and agreeing to pay to him or his order, on or before November 15, 1908, the sum of $4,500, with interest at the rate of 6 per cent. per annum until paid.

The defendants, as a defense to the note, pleaded that it was obtained from them by fraud and false representation, and had never been delivered to the plaintiff. The case subsequently came on for trial, and the jury returned a verdict in favor of plaintiff, upon which judgment was rendered, and the case is now here on writ of error. Numerous errors are assigned, but all may be grouped under the following heads:

(1) Error in refusing to direct a verdict for the defendants.

(2) Errors in charging the jury.

(3) Errors in refusing to charge the jury.

(4) Errors in the admission and exclusion of evidence.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Assignment of error No. 22, which relates to an alleged error of the trial court in refusing to permit counsel for defendants in his argument to the jury. to comment upon certain testimony, must be disregarded, as nothing whatever in regard to the matter appears in the bill of exceptions.

[1] In support of the proposition that the trial court erred in not granting defendants' motion for a directed verdict, the only matter urged is that there was no evidence that the note sued on was ever delivered. The allegation in the answer of defendants in regard to the delivery of the note was not a denial that the note was ever delivered, but that the agreement between the parties was that the note should not be delivered until the happening of a certain event. Plaintiff denied that there was any such agreement, and under proper instructions the jury found for the plaintiff. When the plaintiff produced the note at the trial and offered it in evidence, he was presumably the lawful owner and holder thereof in due course of business, and the burden of proof was upon the defendants to overthrow this presumption, if they desired to do so. The only way they sought to do this was to introduce evidence tending to show that it was never intended that the note should be delivered until certain conditions had been complied with. As there was a direct conflict of evidence on this point, there could be no error in submitting the decision of the question to the jury.

[2] The indorsement on the note to the effect that it was given in connection with a contract for a deed to the S. ½ and the S. ½ of the N. ½ of section 44, township 133, range 69, did not make the note a part of another written instrument, which it was necessary to show had also been delivered. The note was a complete legal instrument in itself, and the mere fact that it was given in connection with a contract for a deed in no way qualified it. Every promissory note is given in connection with some transaction. There was no error in refusing to direct a verdict.

The trial court charged the jury that they must disregard the defense that the note was obtained by fraud, because there was no evidence of fraud, and, if there was, there was no evidence connecting the plaintiff therewith. This ruling is assigned as error, and the question is raised both by exception to the charge given and to a request to charge refused.

An exhaustive analysis of the evidence on this question is presented by counsel for both sides, and it is not practicable to present it all in this opinion. We have carefully examined it in all its bearings, and are clearly of the opinion that the trial court was right. We are the more satisfied with our conclusion for the reason that the same evidence upon which the defense of fraud was based was submitted to the jury upon another issue and the jury found for the plaintiff. The views herein expressed render it unnecessary to discuss the assignments of error relative to the admission and exclusion of evidence. They have all been examined and found to be without merit.

No error appearing upon the record, the judgment of the trial court must be affirmed; and it is so ordered.